PER CURIAM.
Plaintiff, Jewel J. Newman, has filed suit seeking judgment declaring the September 13, 1980 primary election for Councilman for Ward One, District One for the Parish of East Baton Rouge violative of his rights under the Constitution of the State of Louisiana, and for injunctive relief enjoining the conducting of the September 13 election for Councilman for Ward One, District One.
Plaintiff, Newman, is the incumbent councilman from Ward Two, District Two, and was a resident thereof on April 23, 1980. On that date the area in which plaintiff lives (a part of Ward Two, District Two) was annexed to the City of Baton Rouge and merged with that of Ward One, District One. The following day April 24, the City submitted the annexation to the United States Department of Justice for their review under the Voting Rights Act of 1965, 42 U.S.C. § 1973 et seq. The Department of Justice requested additional information on June 12, which information was forwarded by the City on July 2. On August 25, 1980, the City was notified by the Justice Department of no objection to the annexation.
Qualification for the councilmanic offices as fixed by state law, La.R.S. 18:402, was held from July 7 to and including July 11, 1980. The plaintiff qualified for the council seat for Ward Two, District Two in accordance with the residency requirements of the Plan of Government for the Parish of East Baton Rouge as well as the Louisiana Election Code. La.R.S. Title 18.
Subsequent to his qualification of his candidacy and the no objection by the Justice Department on August 25, plaintiff filed this suit on September 2. Named as defendants are: The City of Baton Rouge, The Democratic Executive Committee of the Parish of East Baton Rouge, The Board of Supervisors of Elections for East Baton Rouge Parish, James H. “Jim” Brown in his capacity as Secretary of State of Louisiana, and J. M. “Mike” Cannon, Clerk of Court, East Baton Rouge Parish.
The City of Baton Rouge filed an exception of no cause of action which was overruled, but the City was subsequently dismissed as a party defendant. The Democratic Executive Committee for the Parish of East Baton Rouge was also dismissed as a defendant.
Edgar L. Watts, Jr., the incumbent councilman for Ward One, District One and who qualified for re-election, intervened and filed an exception of res judicata arguing that plaintiff had filed suit in the United States District Court for the Middle District of Louisiana raising the same issues.
The judgment of the trial court in part provides:
“The defendants, The Board of Supervisors of Elections for East Baton Rouge Parish, Louisiana, J. M. Mike Cannon, Clerk of Court for 19th Judicial District Court, East Baton Rouge Parish, Louisiana and James H. ‘Jim’ Brown, Secretary of State, State of Louisiana áre enjoined from promulgating and certifying the election returns of September 13,1980 for the seat of Councilman of Ward One, District One for the City of Baton Rouge, Louisiana. Further, the Court orders *102 that the defendants reopen the qualifying dates of Ward One, District One for any party before this Court. That qualifying date shall be Wednesday, September the 7th through Friday, September the 19th at 5:00 P.M. and Mike Cannon, Clerk of Court for the Parish of East Baton Rouge, is ordered to give notice as required by R.S. 18:469C to the new qualifying time. Further, the ■ Court orders that if a party before the Court qualifies during this limited time that the Court has mentioned, then the primary election shall be conducted and coincide with the general election on November 4, 1980. Thereafter, if a general election for the seat of Ward One, District One is necessary, it should be held on the sixth Saturday after the primary date namely December 13, 1980. It is further ordered that if none of the parties before the Court qualifies during the period of September 17th through September 19th, 1980, then the Board of Supervisors of Elections for East Baton Rouge Parish, State of Louisiana, and Mike Cannon, Clerk of Court for the 19th Judicial District Court, Parish of East Baton Rouge, are ordered to promulgate and certify the votes of September 13, 1980, for councilman of Ward One, District One to the Secretary of State, State of Louisiana. This injunction shall be a permanent injunction inasmuch as the parties have agreed that further hearings would be of no avail and shall issue without Jewel J. Newman’s posting of a bond.
“The intervention of Edgar L. Watts, Jr. is granted but the relief sought is denied.”
Our election code provides for only two instances in which qualifying can be reopened: when a candidate dies after the close of the qualifying period and when no candidate or too few candidates have qualified for a position. R.S. 18:469. Neither of these situations exist in this case.
What plaintiff would have us do is enjoin an election for an office for which he was not qualified during the qualifying dates, because he now wishes to run for that office. He has already qualified to run for a position which he now holds, and for which he remains eligible to run and which he may continue to hold by moving his residence to the new District Two. McCarter v. Broom, 377 So.2d 383. (La.App. 1st Cir. 1979). If we were to grant plaintiff’s prayer, we would not only have to enjoin the election in Ward One, District One and Ward Two, District Two, but would have to open qualifying to all those situated similarly to plaintiff. R.S. 18:469(D).
Plaintiff is unable to point to any specific provision of law which entitles to him to the relief sought, other than vague references to principles of fairness and due process of law.
We therefore find that the dictates of the orderly electoral process must prevail over plaintiff’s desire to run for Councilman for Ward One, District One, absent any specific legal basis for the relief sought.
The judgment appealed from is reversed, and there will be judgment herein dismissing plaintiff’s suit at his cost.
REVERSED AND RENDERED.
COVINGTON and LOTTINGER, JJ., dissent and assign written reasons.