612 So.2d 111 (1992)
Fred Clegg STRONG
v.
John B. BREAUX.
No. 92 CA 1768.
Court of Appeal of Louisiana, First Circuit.
September 17, 1992.
James J. Morrison, New Orleans, for Fred Clegg Strong.
Joseph P. Brantley, Paul D. McKay, John M. Tarver, Theodore Jones, Baton Rouge, for John Breaux.
Before LOTTINGER, C.J., WATKINS and SHORTESS, CARTER, CRAIN, LeBLANC, FOIL, GONZALES and WHIPPLE, JJ., and COVINGTON, J. Pro Tem.[*]
PER CURIAM.
This is a suit objecting to the candidacy of the Honorable John B. Breaux, an incumbent United States Senator for Louisiana, for the position of United States Senator for Louisiana. From judgment maintaining the peremptory exception raising the objection of no cause of action, plaintiff appeals.

FACTS
In his petition, plaintiff alleges that John B. Breaux does not meet the qualifications of United States Senator for the State of Louisiana because he is not an inhabitant of the State of Louisiana within the meaning of Article I, Section 3, clause (3) of the United States Constitution and identical language in La.R.S. 18:1275(A). Further, it is alleged that Breaux is an infrequent casual visitor to Louisiana, that his home is in the Washington, D.C. area, that since 1967 Breaux has been a resident of and an inhabitant of the Washington, D.C. area, and that the address Breaux used to qualify is the home address of his father.
The petition further alleges that Breaux failed to state the correct address in his notice of candidacy, that the notarization of Breaux's notice of candidacy is defective for various reasons, that the witnesses to the notice of candidacy are not qualified as such, that the notice of candidacy form does not clearly state the payment of qualifying *112 fees, and that the notice of candidacy does not clearly show that it was filed before the Louisiana Secretary of State or his properly designated employee. (For more detail of allegations, see copy of petition as well as copy of Senator Breaux's notice of candidacy attached to the petition attached hereto as Addendum No. 1.)

TRIAL COURT
The defendant, the Honorable John B. Breaux, filed the peremptory exception raising the objection of no cause of action. The basis of the exception is that plaintiff alleged no facts, which if assumed true, would establish defendant failed to qualify for the primary election in the manner prescribed by law or failed to meet the qualifications thereof. The trial court maintained the exception.
The defendant also requested costs, attorney fees, and damages pursuant to La. R.S. 18:1432(B). Additionally, defendant filed a motion for sanctions pursuant to Louisiana Code of Civil Procedure article 1473.
The trial court denied the request for attorney fees but cast plaintiff for all costs.

I.
In ruling on the peremptory exception raising the objection of no cause of action, the court must presume the correctness of all well pleaded allegations of fact in the petition, and must determine if the facts of the petition present a case that legally entitles plaintiff to the relief sought. Delta Bank and Trust Co. v. Lassiter, 383 So.2d 330 (La.1980).

II.
Basically, plaintiff alleges that John B. Breaux is not an inhabitant of the State of Louisiana.
The United States Constitution in Article I, Section 3, clause 3 provides:
No Person shall be a Senator who shall not have attained to the Age of thirty years, and been nine Years a Citizen of the United States, and who shall not, when elected, be an Inhabitant of that State for which he shall be chosen.
(Emphasis by the Court).
The qualifications prescribed by this clause are exclusive and neither a state constitution nor state law can add to nor take away from such qualifications. Stack v. Adams, 315 F.Supp. 1295 (D.C.Fla.1970).
As we read the qualifications for United States Senator as prescribed in the United States Constitution, an individual shall be an inhabitant of the state from which he is chosen when elected. We find no requirement therein that the candidate be an inhabitant of the state when he qualifies to run for the office. Thus, we conclude the allegations concerning inhabitancy cannot state a cause of action prior to the election.
III.
As to plaintiff's third and fourth causes of action,[1] they make no specific allegations that the persons signing as notary and the witnesses do not meet the qualifications required by law. Plaintiff merely alleges that proof of these requirements be furnished. The law does not require affirmative proof of qualifications of the notary and witnesses. Lacking specific allegations as to lack of qualifications, no cause of action can be stated. As to the fifth and sixth causes of action, we reiterate that plaintiff attached a copy of the Breaux qualifying form to his petition. For purposes of the exception of no cause of action, well-pleaded facts in the petition and any annexed documents must be accepted as true. Kuebler v. Martin, 578 So.2d 113 (La.1991). This form acknowledges receipt of $900.00 by Robert R. Courtney, First Assistant Secretary of State. No cause of action can be stated here either.

IV.
The defendant has neither appealed nor answered the appeal seeking modification of the trial court judgment denying damages *113 and attorney fees. Thus, we cannot entertain the defendant's request for same.
Therefore, for the above and foregoing reasons, the judgment of the trial court if affirmed at plaintiff-appellant's costs.
AFFIRMED.

ADDENDUM NO. 1[*]

19TH JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

DIVISION 384908

NO: ___

DOCKET NO. ___

Fred Clegg Strong, Plaintiff

versus

John B. Breaux, Defendant

Honorable W. Fox McKeithen, Individually and in his Capacity as Secretary of State for the State of Louisiana, Defendant; and

Honorable Jerry Fowler, Individually and in his Capacity as Commissioner of Elections and Registration, State of Louisiana, Defendant

FILED: _________

DEPUTY CLERK: _________

PETITION TO OBJECT TO CANDIDACY FOR THE UNITED STATES SENATE AND REQUEST FOR PRODUCTION OF DOCUMENTS
TO THE HONORABLE JUDGES OF THE 19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE:
The Petition of Fred Clegg Strong, a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana, with respect represents:

I.

STANDING TO BRING ACTION
Fred Clegg Strong, plaintiff herein, pursuant to the provisions of LSA R.S. 18:491, objects to the candidacy of John B. Breaux, a person who qualified as a candidate in a primary election scheduled for October 3, 1992 for the office of United States Senator from the State of Louisiana. Fred Clegg Strong is a registered voter qualified to vote in the primary election scheduled October 3, 1992.

II.

JURISDICTION AND VENUE
This action is brought in the 19th Judicial District Court for the Parish of East Baton Rouge, a court of competent jurisdiction under the Louisiana Election Code, Title 18, LSA R.S. Sec. 1403. Venue is proper under LSA R.S. 18:1404.

III.

NECESSARY AND INDISPENSABLE PARTIES
The following persons are proper parties against whom this action may be instituted objecting to the candidacy of John B. Breaux as a candidate for election as United States Senator from the State of Louisiana for a term commencing January 20, 1993 as provided by LSA R.S. 18:1402:
1. John B. Breaux, is the person to which this action objecting to his candidacy has been filed.
2. The Honorable W. Fox McKeithen, individually and as Secretary of State for the State of Louisiana. The official before whom John B. Breaux filed his Notice of Candidacy. The Secretary of State of the State of Louisiana is an indispensable party defendant for the purpose of giving the trial court jurisdiction over this office insofar as the judgment of the court affects the ministerial duties of that office.
3. The Honorable Jerry Fowler, individually and as Commissioner of Elections and Registration for the State of Louisiana. The Commissioner of Elections and Registration of the State of Louisiana is an indispensable party defendant *114 for the purpose of giving the trial court jurisdiction over this office insofar as the judgment of the court affects the ministerial duties of that office.

IV.

GENERAL NATURE OF CLAIM OF PLAINTIFF
This action is filed against the defendant, Honorable John B. Breaux, objecting to the candidacy of John B. Breaux, the present incumbent United States Senator and a member of the Democratic Party, whose present term of office expires January 20, 1993.

V.
John B. Breaux, defendant herein, is a person who qualified as a candidate in the primary election scheduled for October 3, 1992 for the office of United States Senator for the term of office commencing January 20, 1993.

VI.
The office of United States Senator is a statewide elective office and therefore jurisdiction is present in the 19th Judicial District Court for the Parish of East Baton Rouge pursuant to the provisions of the Louisiana Election Code, LSA R.S. Title 18, Sec. 1404, as Baton Rouge is the location of the State Capital.

VII.

THE PLAINTIFF
Fred Clegg Strong, the plaintiff a member of the Republican Party, has also qualified as a candidate for the office of United States Senator from the State of Louisiana in the primary election scheduled for October 3, 1992 for the six year term of office commencing on or about January 20, 1993 and ending on or about January 20, 1999.

VIII.

SPECIFIC STATUTORY BASIS FOR OBJECTION TO CANDIDACY IN THIS ACTION
This action objecting to the candidacy of John B. Breaux is based on the following statutory provisions contained in the Louisiana Election Code LSA R.S. Title 18:492 which provides in part as follows:
An action objecting to the candidacy of a person who qualified as a candidate in a primary election shall be based on one or more of the following grounds:
(1) The defendant failed to qualify for the primary election in the manner prescribed by law; ...
(3) The defendant does not meet the qualifications for the office he seeks in the primary election; or

IX.
The various objections to the candidacy of John B. Breaux are set out below as separate causes of action. Each cause of action is enumerated separately as each objection is a separate factual circumstance stating an objection to the candidacy of John B. Breaux. Each objection is based upon the information available to the plaintiff at the time of the filing of this lawsuit which must be within the period provided by law as provided by the Louisiana Election Code, Title 18 of Revised Statutes, Section 493 and Section
X.
FIRST CAUSE OF ACTION
"LACK OF BEING AN INHABITANT OF THE STATE OF LOUISIANA"
1. The defendant, John B. Breaux, does not meet the qualifications of United States Senator for the State of Louisiana, the office he seeks in the primary election scheduled for October 3, 1992.
2. The defendant, John B. Breaux, is not an inhabitant of the State of Louisiana within the meaning of Article I, Section 3, Clause (3) of the United States Constitution and the identical language of Title 18 of the Louisiana Revised Statutes, Section 1275 subparagraph A both of which provide:

*115 No person shall be a United States Senator who has not obtained the age of 30 years old and who has not been a citizen of the United States for 9 years and who is not, when elected, an inhabitant of this state. (Emphasis supplied.)
3. John B. Breaux is but an infrequent casual visitor to this State who in fact has his home in the Washington D.C. area, not in Louisiana.
4. Since in or about 1967 when John B. Breaux first went to Washington to serve as a Legislative Assistant to Edwin Edwards he has been a resident, and inhabitant of Washington D.C. area, not of the State of Louisiana.
5. It was the intent of the frame of the United States Constitution that those who would represent the people live amongst the people.
6. It was not the intent of the framers of the Constitution that our Senators isolate themselves from the people by living within the ring road of Washington.
7. The address used by John B. Breaux to qualify for elective office in this state is the address of the home of his father, it is not John B. Breaux's home address but is an address of convenience and is neither his residence, his domicile nor his place of habitation.
XI.
SECOND CAUSE OF ACTION
"FAILURE TO STATE CORRECT ADDRESS IN NOTICE OF CANDIDACY"
Louisiana Revised Statutes LSA R.S. 18:463 requires a candidate to state the correct address of his domicile which John B. Breaux stated to be 1017 North Avenue H, Crowley, Louisiana 70526 which petitioner shows is not the domicile of John B. Breaux, but is rather the domicile of his father Ezra H. Breaux and accordingly petitioner objects to the candidacy of John B. Breaux based upon his failing to state the correct address as provided by Section 643 of Title 18 of the Election Code of the State of Louisiana.
XII.
THIRD CAUSE OF ACTION
"LACK OF A PROPER NOTARY PUBLIC BEING CLEARLY STATED"
1. Fred Clegg Strong, plaintiff, alleges further that there is a third cause of action for objection to the candidacy of Honorable John B. Breaux, a person who qualified as a candidate in a primary election for the office of United States Senate, in that the defendant, John B. Breaux, does not clearly show from his Notice of Candidacy various relevant facts. If these relevant facts are not in compliance with law, then John B. Breaux has failed in his attempt to qualify in the primary election scheduled for October 3, 1992 in the manner prescribed by law, in that Louisiana Revised Statutes LSA-R.S. 18:463 requires a candidate to execute and sign his Notice of Candidacy before a Notary Public. There is no documentation included within the Notice of Candidacy to indicate clearly the name of the Notary Public as the signature is unintelligible but may read "Ted Young" or "Ted Jones" or possibly some other name. The Notice of Candidacy does not state; (1) if the person signing claiming to be a Notary Public is a Notary Public for the State of Louisiana or a Notary Public for any other state of the United States or a Notary Public for the City of Washington, or a Notary Public for the District of Columbia. (2) The State or District that commissioned the Notary Public; (3) the date of expiration of the commission of the Notary Public. (4) The date the appointment of the Notary Public was confirmed by the State Senate or other confirming legislative body, if one exists. Therefore, petitioner alleges that the Notice of Candidacy is not properly signed before a Notary Public. Petitioner also alleges *116 that John B. Breaux was not before the Notary Public in person when he signed the Notice of Candidacy and therefore same is not properly signed before a Notary Public. Further petitioner requires that the defendant, John B. Breaux, furnish strict proof that the certificate was executed before a Notary Public including the name of the Notary Public, the jurisdiction for which was the Notary Public was appointed, the date of the commission or the Notary Public and the date of the expiration of the commission of the Notary Public, the name of the Governor or other executive authority that appointed the Notary Public, the date of the Commission signed by the Governor or the executive authority, the date the Notary Public's commission was confirmed by the Senate or other state legislative body or legislative body of the District of Columbia if any is required. Finally, plaintiff requires production of all of the appropriate documents showing that the Notary Public that notarized the Notice of Candidacy is in fact qualified to act as a Notary Public. These documents be furnished by the defendant, John B. Breaux, at a trial of this Petition to Object to Candidacy for the United States Senate.
XIII.
FOURTH CAUSE OF ACTION
"LACK OF PROPER WITNESSES BEING CLEARLY STATED"
1. Fred Clegg Strong, plaintiff, alleges further that there is a fourth cause of action for objection to the candidacy of Honorable John B. Breaux, a person who qualified as a candidate in a primary election for the office of United States Senate, in that the defendant, Honorable John B. Breaux, does not clearly show from his Notice of Candidacy various relevant facts. If these relevant facts are not in compliance with law, then Honorable John B. Breaux may have failed in his attempt to qualify for the primary election in the manner prescribed by law in that Louisiana Revised Statutes LSA-R.S. 18:463 requires a candidate to have the Notice of Candidacy executed before two persons who are registered to vote on the office United States Senator from the State of Louisiana in the primary election scheduled for October 3, 1992. The persons whose signatures who appear as witnesses to the Notice of Candidacy filed by Honorable John B. Breaux are Norma Jane Sabeston and Kathryn S. Owens. The Notice of Candidacy does not affirmatively indicate that the witnesses are qualified to vote as required by Title 18, Sec. 463 of the Louisiana Election Code. Plaintiff requires production of documents showing the status of the witnesses.
IX.
FIFTH CAUSE OF ACTION
"FAILURE TO CLEARLY STATE THE PAYMENT OF QUALIFYING FEES"
1. Fred Clegg Strong, plaintiff, alleges further that there is a fifth cause of action for objection to the candidacy of Honorable John B. Breaux, a person who qualified as a candidate in a primary election for the office of United States Senate, in that the defendant, Honorable John B. Breaux, does not clearly show from his Notice of Candidacy various relevant facts. If these relevant facts are not in compliance with law, then John B. Breaux may have failed in his attempt to qualify for the primary election in the manner prescribed by law in that Louisiana Revised Statutes LSA-R.S. 18:463 which requires the Notice of Candidacy to be filed by a candidate to state that the amount of the qualifying fees that are paid. In some portions of the Notice of Candidacy form filed by John B. Breaux, it indicates that the amount total received is $___ (includes qualifying fee, plus additional fees, in any). In another part of the form it indicates *117 that a certified or cashiers check on a state or national bank was received in the sum of $900.00. From a reading of the Notice of Candidacy filed by Honorable John B. Breaux, it is not completely clear to a certainty of fact as to whether the proper qualifying fee was paid. In parts of the form it indicates that a $600.00 qualifying fee was paid and on August 18, 1992 at 9:19 a.m. and a signature of Robert R. Courtney, First Assistant Secretary of State of Louisiana, appears below the information indicating the receipt of the $600.00 qualifying fee and the $300.00 additional fee. Out of an abundance of caution plaintiff alleges that Honorable John B. Breaux did not pay the proper qualifying fee or additional fee and plaintiff demands that the defendant produce copies of (1) the front and back of the certified or cashiers check drawn on a state of national bank which the Notice of Candidacy form states was furnished; (2) the official receipt issued by the Office of the Secretary of State of the State of Louisiana, Division of Elections and Commissions which acknowledges the payment of any qualifying fee in any amount and any additional fee in the amount in connection with the Notice of Candidacy; (3) the cover letter from the Honorable W. Fox McKeithen, Secretary of State of the State of Louisiana, acknowledging receipt of the Notice of Candidacy and the qualifying fees and addition fees being paid, if any. All of the above facts will be more fully shown by reference to Exhibit No. 1, the Notice of Candidacy, which has been previously attached hereto and made a part hereof.
X.
SIXTH CAUSE OF ACTION
FAILURE TO CLEARLY STATE THAT THE NOTICE OF CANDIDACY WAS FILED BEFORE THE SECRETARY OF STATE OR HIS PROPER DESIGNATED EMPLOYEE
1. Fred Clegg Strong, plaintiff, alleges further that there is a fifth cause of action for objection to the candidacy of Honorable John B. Breaux, a person who qualified as a candidate in a primary election for the office of United States Senate, in that the defendant, Honorable John B. Breaux, does not clearly show from his Notice of Candidacy various relevant facts. If these relevant facts are not in compliance with law, then Honorable John B. Breaux may have failed in his attempt to qualify for the primary election in the manner prescribed by law in Louisiana Revised Statutes LSA-R.S. 18:462A requires a candidate for a statewide election to qualify before the Honorable W. Fox McKeithen, Secretary of State of the State of Louisiana or some other officer in the Secretary of State's office that has been designated to receive qualification papers. Honorable John B. Breaux qualified before Honorable Robert R. Courtney, First Assistant Secretary of State of the State of Louisiana. The Notice of Candidacy does not state if Honorable W. Fox McKeithen, Secretary of State of the State of Louisiana, designated in writing that Robert R. Courtney, First Assistant Secretary of State is a particular employee with his department to act for him, in his place and his absence, for the purpose of accepting notices of candidacy for filing and to accept the payment of filing fees.
XI.
REQUEST FOR JUDGMENT
WHEREFORE, Fred Clegg Strong prays that there be the final judgment of this Court disqualifying Honorable John B. Breaux, the defendant, as a candidate for the office of United States Senator from the State of Louisiana in the primary election scheduled for October 3, 1992 for which he is not qualified and for which he failed to qualify properly. Fred Clegg Strong, plaintiff, further prays that the Honorable W. Fox McKeithen, Secretary of State of the State of Louisiana, and the *118 Honorable Jerry Fowler, Commissioner of Elections and Registration of the State of Louisiana, be authorized, empowered and directed by this Court to take all necessary steps to comply with a final definitive judgment of the court of last resort disqualifying Honorable John B. Breaux as a candidate for the office of United States Senator from the State of Louisiana in the primary election occurring October 3, 1992, and further, Fred Clegg Strong prays that he recover all court costs for bringing this lawsuit.
 /s/ Fred Clegg Strong
 FRED CLEGG STRONG # 12543
 In Proper Person
 844 Baronne Street
 New Orleans, Louisiana 70113
 Telephone (504) 561-1177
 Facsimile (504) 586-9715
*119 
NOTES
[*] Judges Wallace A. Edwards and Walter I. Lanier, Jr., did not participate in this en banc sitting of the court. Further, Judge Grover L. Covington, retired, is serving as judge pro tern by special appointment of the Louisiana Supreme Court.
[1] The second cause of action concerns domicile, which we have disposed of above.
[*] Editor's Note: Portions of the Addendum were missing from or were illegible in copy.