887 So.2d 48 (2004)
Jeremy S. LACOMBE
v.
Walter Fox McKEITHEN, in His Capacity as Secretary of State of the State of Louisiana, and Rodney Alexander, in His Capacity as a Congressional Candidate for the Fifth District for the State of Louisiana.
No. 2004 CE 1880.
Court of Appeal of Louisiana, First Circuit.
August 30, 2004.
*49 Michael T. Johnson, Victoria R. Murry, Shannon Gremillion, Alexandria, Counsel for Intervenors/Appellants, John W. "Jock" Scott and Zelma "Tisa" Blakes.
Christopher L. Whittington, Aidan C. Reynolds, Robert M. Marionneaux, Jr., Baton Rouge, Counsel for Plaintiff/Appellee, Jeremy S. LaCombe.
J. Christopher Alexander, Daniel J. Balhoff, Baton Rouge, LA, Bobby R. Burchfield, Washington, D.C., Counsel for Defendant/Appellee, Rodney Alexander.
Ty Larkins, Steve Hawkland, Baton Rouge, Counsel for Defendant/Appellee, Walter Fox McKeithen, Secretary of State, State of Louisiana.
Before: CARTER, C.J., FOIL, WHIPPLE, PARRO, FITZSIMMONS, KUHN, GUIDRY, PETTIGREW, DOWNING, GAIDRY, MCDONALD, and MCCLENDON, JJ.
PARRO, J.
Plaintiff, Jeremy S. LaCombe, filed suit against defendants, Rodney Alexander and W. Fox McKeithen, in his capacity as Secretary of State for the State of Louisiana. LaCombe challenged Alexander's candidacy in the November 2, 2004 primary election for United States Representative for the Fifth Congressional District of the State of Louisiana. On August 23, 2004, the trial court signed a judgment reopening qualifying for the office.
John W. "Jock" Scott and Zelma "Tisa" Blakes, candidates in the race for United States Representative for the Fifth Congressional District of the State of Louisiana, filed a timely motion for appeal seeking reversal of the trial court's judgment in all aspects other than that they need not requalify; they further seek a judgment disqualifying Alexander as a candidate.[1] *50 Alexander answered the appeal, asking that the trial court's judgment be modified. For the reasons that follow, we affirm in part and reverse in part.

I. FACTS AND PROCEDURAL HISTORY
Representative Rodney Alexander seeks re-election to the office of United States Representative, Fifth Congressional District for the State of Louisiana. On August 4, 2004, Alexander filed a timely notice of candidacy, listing his party affiliation as Democrat. On August 6, 2004, Alexander filed a second timely notice of candidacy. In this second notice of candidacy, Alexander listed his party affiliation as Republican.
LaCombe filed suit alleging Alexander failed to qualify for the November 2, 2004 primary election in the manner prescribed by law. See LSA-R.S. 18:492(A)(1). LaCombe sought a permanent injunction disqualifying Alexander as a candidate for United States Representative and barring Secretary of State McKeithen from distributing ballots listing Alexander as a candidate. In the alternative, LaCombe sought a permanent injunction prohibiting the listing of Alexander on the ballots as a Republican candidate.
On August 13, 2004, the state district court suit was removed from the Eighteenth Judicial District Court, Parish of Iberville, to the United States District Court, Middle District of Louisiana, and the state court proceedings were stayed pursuant to 28 U.S.C.A. § 1446(d). On August 20, 2004, the case was remanded to the Eighteenth Judicial District Court.
For purposes of the trial of this matter, six stipulations were read into the record and filed into evidence. The parties stipulated that:
1. Alexander is at least twenty-five years old.
2. Alexander has been a United States citizen for at least seven years.
3. Alexander is an inhabitant of the State of Louisiana.
4. LaCombe does not contend that any of the information contained in the August 4, 2004 and August 6, 2004 notices of candidacy (also admitted into evidence) was inaccurate on the dates the notices were filed. Nor does LaCombe contend the notices were incomplete.
5. Alexander does not contend he made any technical mistakes on either notice of candidacy.
6. LaCombe is a registered voter in the Fifth Congressional District of the State of Louisiana.
Following the trial of this matter, the trial court issued its judgment, which provides in pertinent part:
[T]hat qualifying for the office of U.S. Representative for the 5th Congressional District be reopened following the time lines and procedures set forth in La. R.S. 18:469. The time lines will commence when this judgment becomes final following the delays for appeal set by the Election Code;
that the two other candidates who previously qualified for this office [Scott and Blakes] need not requalify;
that Mr. Alexander may re-qualify which shall render null and void his prior filing of Notices of Candidacy;
that any other person who wishes to file a Notice of Candidacy during the period of reopening may do so....

*51 II. ANALYSIS
As the facts of this case are not in dispute, this court is faced with the resolution of purely legal issues. On legal issues, an appellate court gives no special weight to the findings of the trial court but exercises its constitutional duty to review questions of law and render a judgment on the record. City of Baker School Bd. v. East Baton Rouge Parish School Bd., 99-2505 (La.App. 1st Cir.2/18/00), 754 So.2d 291, 292-93. Appellate review of questions of law is simply to determine whether the trial court was legally correct.
Before addressing the status of Alexander's candidacy in the election for United States Representative, we first examine the legitimacy of the trial court's judgment reopening the qualifying period. When an objection to candidacy is sustained on the ground that the defendant failed to qualify for the primary election in the manner prescribed by law, "the final judgment shall disqualify the defendant as a candidate in the primary election for the office for which he failed to qualify properly." LSA-R.S. 18:494(A). Section 494(B) further specifies that when an objection to candidacy is sustained on the ground that the defendant is prohibited by law from becoming a candidate for one or more of the offices for which he qualified in the primary election, the final judgment shall order the defendant to remove the grounds for the objection by withdrawing from the primary election for one or more of the offices. If the defendant fails to comply with the court's order within twenty-four hours after it becomes definitive, the court shall render a judgment disqualifying the defendant as a candidate for all of the offices for which he qualified in the primary election. LSA-R.S. 18:494(B). Reopening of the qualifying period is not listed as a remedy for a successful challenge to candidacy.
The Election Code recognizes only two instances when qualifying can be reopened  the death of a candidate with opposition and when no candidate or too few candidates qualify for a given office. See LSA-R.S. 18:469(A) and (B); Newman v. City of Baton Rouge, 392 So.2d 100, 102 (La.App. 1st Cir.), writ denied, 393 So.2d 724 (La.1980).[2] Neither basis for reopening qualifying is present in this case; therefore, the trial court committed legal error in ordering such relief.[3]
Having concluded that the trial court committed legal error in ordering that the qualifying period be reopened, we turn now to the issues raised in the challenges to Alexander's qualification as a candidate in the upcoming election. We are mindful that it is the party objecting to the candidacy of a candidate for elected office who bears the burden of establishing that a candidate should be disqualified. Russell v. Goldsby, 00-2595 (La.9/22/00), 780 So.2d 1048, 1051.
The manner of qualifying is set forth in LSA-R.S. 18:461(A)(1), which provides in pertinent part that "[a] person who desires to become a candidate in a primary election shall qualify as a candidate by timely filing notice of his candidacy, which shall be accompanied ... by the qualifying fee and any additional fee imposed." Louisiana Revised Statute 18:463(A)(1)(a) lists the information that must be included in a notice of candidacy: "A notice of candidacy shall be in writing and shall state the candidate's name, the office he seeks, the *52 address of his domicile, the parish, ward, and precinct where he is registered to vote, and the political party, if any, with which he is registered as being affiliated." There is no dispute that both of Alexander's notices contain all of the required information and that, at the time of filing, that information was correct.
Section 463(A)(1)(a) also includes the following language: "No candidate shall change or add his political party designation, for purposes of printing on the election ballot as required by R.S. 18:551(D), after he has qualified for the election." It is argued that this statement is an express prohibition against Alexander changing his party affiliation after he filed his first notice of candidacy, regardless of the fact that the qualifying period was still open. Section 551(D) provides:
The political party designation of a candidate who is registered as being affiliated with a recognized political party shall be listed on the primary or general election ballot on the same line and immediately after or below the candidate's name. If a candidate is not affiliated with a political party, the space after his name shall be left blank.
Louisiana Revised Statute 18:551 provides for the Secretary of State's preparation of the election ballots. Section 551(D) requires the Secretary of State to list a candidate's affiliation with a recognized political party on the ballot. A candidate cannot, after the qualifying period has closed, change or add a political party affiliation and demand, under the guise of Section 551(D), that the Secretary of State accommodate that change or addition. However, Section 463(A)(1)(a) cannot be interpreted to prevent a candidate from changing his party affiliation within the qualifying period. Nor can Section 463(A)(1)(a) prevent a candidate from notifying the public and the Secretary of State of this change by the filing of a second notice of candidacy before the close of the qualifying period. Moreover, Section 551(D) requires the Secretary of State to prepare election ballots that properly reflect a candidate's political party affiliation, as stated in his latest, timely, and accurate notice of candidacy.
It also is argued that Alexander's second notice of candidacy is an attempt to "amend" the first notice and, therefore, should be considered a withdrawal from the election. It is suggested that Alexander's "withdrawal" makes him ineligible as a candidate in the November 2, 2004 primary. This court has observed that the Election Code provides no procedure for amending a notice of candidacy. See Edwards v. Patterson, 94-1672 (La.App. 1st Cir.8/18/94), 641 So.2d 219, 220-21. The Edwards court treated a petition to amend the notice of candidacy as one to withdraw and requalify; however, because the qualifying period had closed and there was no legal basis for reopening the qualifying period, the candidate was left with no remedy.
Edwards is factually distinguishable from the present case.[4] In Edwards, the candidate sought to "amend" her notice of candidacy after the close of the qualifying period. In this case, Alexander filed his second notice of candidacy prior to the close of the qualifying period. Moreover, the notice of candidacy in Edwards contained errors. In contrast, both of Alexander's notices of candidacy satisfied the content requirements of LSA-R.S. 18:463, both were filed timely, both were accompanied by the necessary fees, both were accepted by the Secretary of State, and both *53 were free of errors at the time they were filed. Therefore, there was no basis for Alexander to amend the first notice of candidacy, and the second notice of candidacy cannot be viewed as an "implicit" withdrawal from the election.
The Election Code provides a specific procedure that a candidate must follow to withdraw from an election; there is no withdrawal by default. LSA-R.S. 18:501(A) provides:
Prior to the close of the polls on election day, a candidate in a primary or general election may withdraw from the election by filing notice of his withdrawal, signed by the candidate and duly acknowledged by him before an officer authorized to administer oaths, with the secretary of state, who shall forward a copy of the notice of withdrawal filed by a local or municipal candidate to the president of the board of election supervisors and the clerk of court of the parish in which the candidate has qualified.
There is absolutely no evidence to support a finding that Alexander sought to withdraw from the primary election for United States Representative. At most, Alexander's filing of a second notice of candidacy may be viewed as a withdrawal of the first notice of candidacy, not as a withdrawal from the election.
The Election Code provides that when a candidate has filed "multiple notices of candidacy for election to more than one office at the same election," then that candidate is to be "disqualified ... for all but the last of such offices for which he filed notices of candidacy." LSA-R.S. 18:461(B). Louisiana Revised Statute 18:461(B) addresses the remedy for violations of LSA-R.S. 18:453(A),[5] which contains a statutory prohibition against dual candidacy in the same election. The Election Code contains no statutory prohibition against qualifying twice for the same office. It defies logic to think the legislature would afford greater protection to a candidate who ignored the prohibitions of the Election Code  by allowing that candidate to run in the election for the last office in which he qualified  than it would afford a candidate who violated no prohibition.
Moreover, any doubt as to the qualifications of a candidate should be resolved in favor of permitting the candidate to run for public office. Russell, 780 So.2d at 1051. The purpose of the notice of candidacy is to provide sufficient information to show a candidate is qualified to run for the office he seeks. Senegal v. Obafunwa, 99-1449, 99-1450 (La.App. 3rd Cir.9/27/99), 745 So.2d 74, 76.
The United States Constitution in Article I, Section 2, Clause 2, provides:
No Person shall be a Representative who shall not have attained to the Age of twenty five Years, and been seven Years a Citizen of the United States, and who shall not, when elected, be an Inhabitant of that State in which he shall be chosen.
The qualifications prescribed by this clause are exclusive and neither a state constitution nor state law can add to or take away from such qualifications. See Strong v. Breaux, 612 So.2d 111, 112 (La.App. 1st Cir.), writ denied, 604 So.2d 584 (La.1992). Tracking the federal constitutional provision, the Louisiana Election Code provides: "No person shall be a representative in Congress who has not attained *54 the age of twenty-five years and who has not been a citizen of the United States for seven years and who is not, when elected, an inhabitant of this state." LSA-R.S. 18:1275(B). The qualifications for members of the United States House of Representatives as provided in Section 1275(B) are exclusive. LSA-R.S. 18:1275(C). Notably absent from these exclusive qualifications is a requirement that a candidate list a party affiliation.[6]
The laws governing the conduct of elections must be liberally interpreted so as to promote rather than defeat candidacy. Russell, 780 So.2d at 1051. The timely filing of a second notice of candidacy to reflect a change in one's political party affiliation should not be used as a vehicle to disqualify a candidate for office. Alexander's second notice of candidacy, timely filed on August 6, 2004, should supersede his first notice of candidacy, timely filed on August 4, 2004.

III. CONCLUSION
This court must apply the law as written. It is not for this court to decide the political consequences of a candidate's actions during the qualifying period. Ultimately, the candidates will face the voters who will, and should, exercise the final judgment in an election.
For the reasons set forth in this opinion, we affirm that portion of the trial court's judgment declaring that candidates John W. "Jock" Scott and Zelma "Tisa" Blakes need not requalify. In all other respects, the trial court's judgment is reversed. Rodney Alexander is qualified to run in the November 2, 2004 primary election pursuant to his August 6, 2004 notice of candidacy. All costs of this proceeding are to be shared equally by John W. "Jock" Scott, Zelma "Tisa" Blakes, Jeremy S. LaCombe, and Rodney Alexander.
AFFIRMED IN PART; REVERSED IN PART.
PETTIGREW, J., concurs in part and dissents in part and assigns reasons.
KUHN, J., concurs and assigns reasons.
DOWNING, J., dissents and assigns reasons.
GUIDRY, J., concurs in the result only and assigns reasons.
GUIDRY, J., concurring in the result only.
I concur with the majority's conclusion that there is no statutory basis for reopening the qualifying period for the Office of United States Representative for the Fifth Congressional District and that there is no need for John W. "Jock" Scott and Zelma "Tisa" Blakes to requalify. I also concur in the majority's conclusion that Rodney Alexander is qualified to run in the November 2, 2004 election.
However, there is no need for the majority to rely on LSA-R.S. 18:461(B) for guidance. The parties stipulated that the August 4, 2004 and the August 6, 2004 notices of candidacy were accurate and complete at the time of filing. Therefore, according to the August 6, 2004 notice, Alexander was affiliated with the Republican Party at the close of the qualifying period. LSA-R.S. 18:551(D) provides:
The political party designation of a candidate who is registered as being affiliated with a recognized political party shall be listed on the primary or general election ballot on the same line and immediately after or below the candidate's *55 name. If a candidate is not affiliated with a political party, the space after his name shall be left blank.
Section 551(D) requires the Secretary of State to list Rodney Alexander's affiliation with the Republican Party on the election ballot.
PETTIGREW, J., concurring in part and dissenting in part.
I concur with the majority's conclusion that there is no statutory basis for reopening the qualifying period for the Office of United States Representative for the Fifth Congressional District and that there is no need for John W. "Jock" Scott and Zelma "Tisa" Blakes to requalify. I also concur in the majority's conclusion that Rodney Alexander is qualified to run in the November 2, 2004 election. However, I respectfully disagree with the majority's conclusion that Alexander is qualified to run pursuant to the August 6, 2004 notice of candidacy.
The parties stipulated that the August 4, 2004 notice of candidacy was accurate and complete at the time it was filed. The language of Louisiana Revised Statute 18:463(A)(1)(a) is clear: "No candidate shall change or add his political party designation, for purposes of printing on the election ballot as required by R.S. 18:551(D), after he has qualified for the election." Under the clear language of Section 463(A)(1)(a), the filing of a second notice of candidacy is null and void. Therefore, Alexander should be placed on the election ballot pursuant to the August 4, 2004 notice of candidacy.
DOWNING, J., concurring in part and dissenting in part.
I concur with the majority's conclusion that there is no statutory basis for reopening the qualifying period for the Office of United States Representative for the Fifth Congressional District and that there is no need for John W. "Jock" Scott and Zelma "Tisa" Blakes to requalify. However, I respectfully dissent from the majority's conclusion that Rodney Alexander is qualified to run in the November 2, 2004 election.
Alexander has not complied with the statutory requirements for withdrawal from an election. See LSA-R.S. 18:501. Therefore, he presently is seeking to run twice for the same office. Although the Election Code does not forbid a candidate from filing multiple notices of candidacy for the same office, the Election Code also does not recognize such a strategy. Nor does the Election Code provide a remedy to a candidate who attempts this faulty strategy. Contra LSA-R.S. 18:461.
Nor can the filing of Alexander's second notice of candidacy be viewed as an amendment to his first notice of candidacy. The jurisprudence is clear that "the Election Code does not provide for an amendment to the Notice of Candidacy." Senegal v. Obafunwa, 99-1449, 99-1450 (La.App. 3 Cir. 9/27/99), 745 So.2d 74, 76. In Edwards v. Patterson, 94-1672 (La.App. 1 Cir. 8/18/94), 641 So.2d 219, this court affirmed the trial court's judgment which treated the candidate's attempt to amend a notice of candidacy as a withdrawal from the election.
The Election Code does not allow for the filing of multiple notices of candidacy for the same office, nor does the Election Code provide for amendments to a notice of candidacy. Although the Election Code provides a specific procedure for withdrawal from an election, Alexander chose not to comply with this procedure prior to filing a new notice of candidacy. Alexander failed to qualify in the manner prescribed by law. LSA-R.S. 18:492(A)(1). The Election Code affords him no remedy. Alexander should be disqualified as a candidate *56 for the office of United States Representative for the Fifth Congressional District of the State of Louisiana. See LSA-R.S. 18:494(A).
KUHN, J., concurring.
The majority correctly concludes that the trial court committed legal error in ordering that the qualifying period be reopened. The majority also properly concludes that Mr. Alexander's candidacy is valid for the upcoming November 2, 2004 primary election. However, the majority reaches an issue that should not be reached and issues a declaratory decree to which plaintiff is not entitled. Whether the Secretary of State must designate Mr. Alexander's political party affiliation on the ballot form as either Republican or Democrat is not an issue raised by the pleadings. The original suit was one for injunctive relief and not one for declaratory relief. The majority's commentary on this issue is dictum. Mr. Alexander filed two notices of candidacy, one reflecting his party affiliation as a Democrat and one reflecting his party affiliation as a Republican. Applying the provisions of the Election Code, one must conclude that plaintiff has not demonstrated that either notice of candidacy is invalid. Accordingly, plaintiff's request for injunctive relief enjoining Mr. Alexander from being a candidate with a party affiliation designated as Republican and further enjoining the Secretary of State from distributing any ballots listing Alexander as a Republican candidate in the November 2, 2004 election should be denied.
NOTES
[1] Any person who could have intervened in the trial court may appeal, regardless of whether any other appeal has been taken. LSA-C.C.P. art. 2086. A third party having an interest in a pending action to enforce a right related to or connected with the object of the pending action may intervene. LSA-C.C.P. art. 1091. Clearly, Scott and Blakes, as candidates in the upcoming election, have an interest in the pending litigation.
[2] This court rejected "vague references to principles of fairness and due process of law" as a basis for reopening the qualifying period. Newman, 392 So.2d at 102.
[3] Moreover, no party requested such relief.
[4] For the same reasons, the decision in Senegal v. Obafunwa, 99-1449, 99-1450 (La.App. 3rd Cir.9/27/99), 745 So.2d 74, is distinguishable.
[5] "A person shall not become a candidate in a primary or general election for more than one office unless one of the offices is membership on a political party committee, nor shall a person be a candidate at the same time for two or more different offices to be filled at separate elections." LSA-R.S. 18:453(A).
[6] Moreover, LSA-R.S. 18:401(B) provides in pertinent part that "all candidates for public office who qualify for a primary... election may be voted on without regard to the candidate's party affiliation or lack of it."