BELSOME, J.,
concurs in the result with reasons.
|,I concur with the result reached by the majority, but write separately to discuss one issue: may a state impose additional qualifications upon a candidate seeking a federal office other than those qualifications contained in the United States Constitution? The answer is no. Has the State of Louisiana attempted to impose greater qualifications on a candidate seeking to qualify for federal office? Yes. Specifically, the State legislature has enacted La. R.S. 18:46s,[1] which has manifested itself in an administrative form filled out by candidates when registering to run for office. The statute and correlating form, commonly termed |2the “Qualifying Form,” does promote a legitimate state interest in assisting the Secretary of State and local electors in properly categorizing candidates for the ballot. However, due to numerous amendments, La. R.S. 18:468 has exceeded the scope of an administrative function and evolved into a list of qualifications/disqualifications that would compel the exclusion of otherwise constitutionally qualified candidates. Consequently, the form proposes additional qualifications not established in our Constitution.
The United States Constitution in Article I, Section 2, Clause 2, establishes only three qualifications. The representative must be twenty-five years of age, a United States Citizen for seven years, and an inhabitant of the State when elected. Id. These qualifications are exclusive, and neither a state constitution nor state law can add to or take away from such qualifications. See Strong v. Breaux, 612 So.2d 111, 112 (La.App. 1st Cir.1992) (citation omitted). See also, Williams v. Fahren-holtz, 08-961 (La.App. 4 Cir. 7/25/08), 990 So.2d 99,106 (Murray, J., dissenting). Additionally, the State legislature has enacted identical qualifications for this office, and has further provided that the enumerated qualifications are exclusive.[2] La. R.S. 18:1275(B) and (C).
*64 The plaintiffs’ objection to the defendant’s candidacy primarily involves whether he failed to comply with the directives set forth in La. R.S. 18:463. In particular, the plaintiffs allege that his Qualifying Form included incorrect and/or false information regarding the date of the election and the plaintiffs address, which are grounds for disqualification under |aLa. R.S. 18:492(A)(1).[3] Such clerical errors should not defeat candidacy. As already discussed, these statutes cannot serve to incorporate additional qualifications for candidacy beyond those required under the United States Constitution and La. R.S. 18:1275. Since the defendant meets the constitutional qualifications for office, I find no error in the trial court’s judgment denying the plaintiffs petition to disqualify the defendant. For these reasons, I concur in the result.

. La. R.S. 18:463(A)(2)(a) provides, in pertinent part, as follows:
The notice of candidacy also shall include a certificate, signed by the candidate, certifying all of the following:
(i) That he has read the notice of his candidacy.
(ii) That he meets the qualifications of the office for which he is qualifying.
(iii) That he is not currently under an order of imprisonment for conviction of a felony and that he is not prohibited from qualifying as a candidate for conviction of a felony pursuant to Article I, Section 10 of the Constitution of Louisiana.
(iv) Except for a candidate for United States senator or representative in congress, that for each of the previous five tax years, he has filed his federal and state income tax returns, has filed for an extension of time for filing either his federal or state income tax return or both, or was not required to file either a federal or state income tax return or both.
(v) That he acknowledges that he is subject to the provisions of the Campaign Finance Disclosure Act if he is a candidate for any office other than United States senator, representative in congress, or member of a committee of a political party and that he does not owe any outstanding fines, fees, or penalties pursuant to the Campaign Finance Disclosure Act.
(vi) That, if he is a major or district office candidate as defined in R.S. 18:1483, he has filed each report he has been required to file by the Campaign Finance Disclosure Act, if any were previously due.
(vii) That he does not owe any outstanding fines, fees, or penalties pursuant to the Code of Governmental Ethics.
(viii) That all of the statements contained in it are true and correct.

. In particular, the Louisiana Election Code provides: "No person shall be a representative in Congress who has not attained the age of twenty-five years and who has not been a *64 citizen of the United States for seven years and who is not, when elected, an inhabitant of this state.” La. R.S. 18:1275(B).

. La. R.S. 18:492(A)(1) sets forth the following ground for objecting to candidacy:
(1) The defendant failed to qualify for the primary election in the manner described by law.