(60 South. 234.)

No. 19,137.

MOORE v. BOARD OF DIRECTORS OF SABINE PARISH.

(Dec. 16, 1912.)

*(Syllabus by Editorial Staff.)*

1. SCHOOLS AND SCHOOL DISTRICTS (§ 108*)— PUBLIC SCHOOLS—TAXATION.

　　Where the parish board, under Public Schools Statute (Act 214 of 1902) giving it authority to divide the parish into school districts and establish high schools, rescinded an order creating a high school district, after a special assessment for the high school had been voted, the special tax fails with the order of rescission; the purpose of the tax having failed.

　　[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 257–259; Dec. Dig. § 108.*]

2. SCHOOLS AND SCHOOL DISTRICTS (§ 42*)— PUBLIC SCHOOLS—DISTRICTS.

　　Public Schools Statute (Act 214 of 1902), providing that the parish board may divide the parish into school districts and establish high schools, gives the board, by necessary implication, the right to repeal an order establishing a school district.

　　[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 81–85; Dec. Dig. § 42.*]

Appeal from Twelfth Judicial District Court, Parish of Sabine; Don E. So Relle, Judge.

Suit by B. F. Moore for an injunction against the Parish Board of Directors of Sabine Parish. From a judgment denying the injunction, plaintiff appeals. Reversed, and injunction perpetuated.

Ponder & Fraser, of Many, for appellant. Amos L. Ponder, of Amite, for appellee.

PROVOSTY, J. [1] The Public Schools Statute (Act 214, p. 406, of 1902) provides for the creation of a board of school directors for each parish of the state, and confers upon said board authority to divide the parish under its jurisdiction into school districts of such area and shape as it may deem best; and also to establish high schools, provided the cost of the high school sites and buildings shall not come out of the general school fund. The same statute authorizes elections to be held for the voting of special taxes for school purposes, including the construction and maintenance of school buildings.

The school board of the parish of Sabine consolidated three of the school districts of the parish into one high school district and procured a tax of 10 mills to be voted in this high school district for the declared purpose of "constructing and maintaining a public school." After this tax had been voted, but before any steps had been taken towards the levying of it or towards the construction of the high school building, the board discovered that the amount likely to be realized

from this tax would be insufficient for the object in view, and that an additional tax of 5 mills would be necessary. The proposition of this additional tax was accordingly submitted to the taxpayers of the high school district. But it was voted down, and the board, finding itself without the necessary funds for carrying out the high school project, rescinded its action creating the high school district.

Notwithstanding, however, that it had thus done away with the high school, and thereby destroyed the purpose for which the 10-mill tax had been voted, the board proceeded to levy said 10-mill tax and the present suit was brought by some of the taxpayers of the defunct high school district enjoining the levy of the tax.

It is a plain proposition that, if the purpose for which a tax has been voted fails, the tax itself fails. If it did not, the situation would be that the avails of the tax would accumulate in the treasury from year to year without its being possible to put them to any use.

It is argued, however, that the proposition involved in the case is not as to whether the voting of a special tax does not cease to have any effect when the object for which the tax was voted ceases to exist, but as to whether the school board, or, in fact, any other authority, has the power to set aside a tax that has been legally voted. And, in support of this, the statute limiting to 60 days the delay within which the validity of an election voting a tax may be inquired into is quoted.

But, evidently, there is not here any inquiry into the validity of an election. The election is admitted to have been valid. The question is whether a tax validly voted shall be levied after the object for which it was voted has failed.

Again, it is argued that the school board cannot do indirectly what it cannot do directly; that it could not directly set aside or annul this tax, and hence cannot indirectly do so by abolishing the school district in aid of whose school the tax was voted.

The fallacy of this argument lies in that it inverts the order of things; it makes the incident, or accessary, and the principal change places. The school district is the principal; the tax voted in aid of it is merely the incident or accessary. If the power of the school board to abolish the district be admitted, the power to abolish the tax follows, as a necessary consequence, since the tax remains without an object after the school district has been abolished, and such a thing as a tax without an object is a legal impossibility.

[2] Therefore, in order to succeed, the defendant would have to question successfully the power of the school board to make changes in school districts; to abolish any school districts it may have created and create new ones in the same territory. True, the above-quoted statute does not in express terms confer upon the school board the power to make changes in school districts; but such power is evidently and necessarily implied.

"The power to enact implies power to repeal ordinances, unless the right is limited or abrogated by a higher law." 28 Cyc. 383.

"The power to make implies the power to repeal." Dill. Mun. Corp. 314.

The judgment appealed from is set aside, and the injunction herein is reinstated and is perpetuated. Defendant to pay all costs.