(67 South. 191)

No. 20838.

DROUIN et al. v. BOARD OF DIRECTORS OF PUBLIC SCHOOLS OF PARISH OF AVOYELLES.

(Jan. 11, 1915.)

*(Syllabus by the Court.)*

1. TAXATION ⊂⇒44 — UNIFORMITY — SCHOOL TAXES.

The Constitution having recognized school districts, and having provided for the giving of additional support to public schools, and for erecting and constructing schoolhouses in the school districts, and having authorized the levy of special taxes therefor by the parish school boards in the school districts, in excess of the limitation of taxation fixed by the Constitution for state purposes, it is not necessary that the taxes levied by such school boards for the several districts of a parish should be equal and uniform throughout the parish.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. ⊂⇒44.]

2. SCHOOLS AND SCHOOL DISTRICTS ⊂⇒24 — ESTABLISHMENT OF SCHOOL DISTRICTS—DIRECTORS—DISCRETION—REVIEW BY COURTS.

The board of directors of the public schools of the several parishes of the state of Louisiana are given full discretion in establishing school districts in their respective parishes, and their action in establishing the boundaries of a school district will not be reviewed by the courts, where it is not shown that the discretion vested in the board has been abused.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 42, 45, 47–49; Dec. Dig. ⊂⇒24.]

Appeal from Fourteenth Judicial District Court, Parish of Avoyelles; A. J. Lafargue, Judge.

Action by George L. Drouin and others against the Board of Directors of the Public Schools of the Parish of Avoyelles. From judgment for defendant, plaintiffs appeal. Affirmed.

J. W. Joffrion, of Marksville, for appellants. S. Allen Bordelon, of Marksville, for appellee.

SOMMERVILLE, J. Plaintiffs, property owners and taxpayers of school district No. 50 in the parish of Avoyelles, attack the action of the board of directors of the public schools of that parish whereby said school district No. 50 was created. They also attack the validity of the election ordered by said board as held in said district, by which the rate of taxation on the property in that district was increased for school purposes.

There was judgment in favor of defendant, and plaintiffs have appealed.

[1] The Constitution (article 250) directs that:

"The General Assembly shall provide for the creation of a state board, and parish boards of public education."

It also recognizes school districts (article 281); and in article 232 it fixes the rate of the state tax at six mills on the dollar. It limits parish, municipal, or public board taxes for all purposes whatever to ten mills on the dollar—

"provided, that for giving additional support to public schools, and for the purpose of erecting and constructing public buildings, public school houses, * * * the title to which shall be in the public, any parish, municipal corporation, ward or school district may levy a special tax

in excess of said limitation, whenever the rate of such increase and the number of years it is to be levied and the purposes for which the tax is intended, shall have been submitted to a vote of the property tax payers of such parish, municipality, ward or school district entitled to vote under the election laws of the state, and a majority of the same in numbers, and in value voting at such election shall have voted therefor."

While article 225 provides that "taxation shall be equal and uniform throughout the territorial limits of the authority levying the tax," the several parish boards of directors of the public schools throughout the state are authorized to impose additional taxes for the support of the public schools in the school districts of the parishes. The property taxpayers in any one school district of a parish may authorize additional taxation within their district for additional support of the public schools, and for the purpose of erecting schoolhouses in such district, although taxpayers in other school districts, in the same parish, may not impose upon themselves the same or an equal amount of taxation. The objection of plaintiff, therefore, that the tax in district No. 50 is not equal and uniform with the tax imposed in school district No. 37, or other districts in Avoyelles parish, is not well founded.

The next objection of plaintiffs, that the order calling for the election does not specify the years by number during which the tax is to be collected, is without merit; for article 232, and the statutes thereunder, only provide that "the rate of such increase and the number of years it is to be levied and the purpose for which the tax is intended" are to be mentioned in the call to be submitted to the property taxpayers of the district. The law does not require that the years should be indicated by their numerical numbers. That is to be done when the tax is levied.

In 1904 the board of directors of the public schools of the parish of Avoyelles, by legal authority, imposed a tax for school purposes on the property in the ward in which districts 37 and 50 are located, for ten years. That term has now expired.

In 1911 school district No. 37 was created, and a tax of five mills was voted for ten years, in addition to the tax then being collected in the ward.

In 1913 another election was held for the purpose of further increasing the school tax by ten mills, but the election failed.

[2] The board of directors of the public schools of the parish of Avoyelles then formed district No. 50, by carving it out of school district No. 37; an election was held in the new district; the tax was carried; and the plaintiffs, property taxpayers in district No. 50, are here attacking the action of the school board in creating said school district. Plaintiffs charge that school district No. 50 is a district within a district (No. 37); and they argue that the school board was without authority to form a new district, after it had once formed the district, and that it had exhausted its power under the act of the Legislature. They further object to one of the boundary lines of school district No. 50 as being indefinite, tortuous, and unfair.

Under the direction and authority of the Constitution, the General Assembly has established parish boards of public education throughout the state. In the last act on the subject (No. 214 of 1912, p. 464) it is provided, in section 5, that the board shall be elected by the qualified voters of "each police jury ward of the several parishes of the state, a member of the board of directors of the public schools of such parish for each police juror member in said ward." Such board has jurisdiction over the entire parish.

Among other things, the act provides that:

"The members of the board of directors shall visit and examine the schools in the several school districts of the parish from time to time, and they shall meet and advise with the trustees when occasion requires.

"The board shall determine the number of schools to be opened, the location of the schoolhouses, the number of teachers to be employed,

etc. * * * Each board of directors shall exercise proper vigilance in securing for the schools of the parish all funds destined for the support of the schools, including the state funds apportioned thereto, the poll tax collectible, and all other funds. * * * They may * * * change the location of the schoolhouse, sell or dispose of the old site, and use the proceeds thereof toward procuring a new one.

"The board of directors * * * shall have authority to establish graded schools, and to adopt such a system in that connection as may be necessary to secure their success. Central or high schools may be established when necessary. * * * The board of directors shall have the authority to assess and collect fifty cents per annum from the parent or guardian of each child enrolled in the public schools of the parish or district, to be collected in such manner as the said board shall determine. * * *

"It shall be the duty of the parish board with the parish superintendent to divide the parish into school districts of such proper and convenient area and shape as will best accommodate the children of the parish. The parish board of directors shall as soon as practicable proceed to the work imposed upon them and upon the completion of the work they shall make a report to the parish superintendent, which report shall contain the boundary and description of said district, designated by number. * * * Parish boards, if they deem it to be to the best interest of the schools, may divide the parish into districts without reference to the wards in the parish. * * *

"Where two school districts adjoin, it shall be lawful for the children in either of said districts to be taught in and at such schoolhouse as shall be most convenient to them; provided, that the tuition fee shall be paid to the district in which they are taught, and that no charge be made without the consent of the school boards of the respective parishes. * * *

"There shall be selected by the patrons of each local school district in the manner to be provided by the board of directors of the parish in which the school district is located, * * * three auxiliary visiting trustees who shall have the same qualification as members of the parish of the board or directors. The said trustees shall visit the schools of their respective districts and shall make quarterly reports to the parish board of directors of the actual condition of the schools and shall make needful suggestions in all matters relating to the schools of which they are trustees."

The act further makes the superintendent of the public schools in the parishes the treasurer of all school funds appropriated by the state to such parish, or raised, collected, or donated therein, for the support of the free public schools. It is made the duty of the board to adopt a budget of revenues for the ensuing year, and a budget of expenditures for the same time.

School boards are generally considered as public quasi corporations. They are subordinate agents of the sovereign, exercising extremely limited and restricted powers, having for their purpose the accomplishment of a single governmental end, namely, that of the education of the people. The local control of school districts is vested primarily in the legally designated and qualified voters of the school district, who, at the time designated in the law, elect a board of school directors, which in this state are equal in number to the police jurors in each parish.

The statute under consideration gives to the parish board, in conjunction with the parish superintendent, the right to divide the parish into school districts of such proper and convenient area and shape as will best accommodate the children of the parish. Section 13. And this power to create districts includes the power to create new districts out of old ones or to consolidate two or more districts already formed, and to repeal the ordinance creating any one or more districts. The discretion vested in the parish board in forming school districts cannot be controlled by the courts, where it is not shown that this discretion has been grossly abused. Burnham v. Police Jury of Claiborne Parish, 107 La. 513, 32 South. 87.

In the case of Moore v. Board, 131 La. 757, 60 South. 234, we reviewed the action of the parish board of school directors in consolidating three school districts previously formed, and the creation of a high school district. The board subsequently rescinded its action creating the high school district, and the action of the board was approved.

Plaintiffs' complaint that one of the boundaries of school district No. 50 is tortuous and unfair is only proved to the extent that it is tortuous. The witnesses had no difficulty in locating it. And as it is made the duty of the school board "to divide the parish into

school districts of such proper and convenient area and shape as will best accommodate the children of the parish," their action will not be disturbed. The court is without authority to annul the action of the board in establishing the "area and shape" of school district No. 50. The crooked boundary complained of is not shown to be unfair to the educable children of district No. 50; on the contrary, it is shown that the majority of property owners in that district were desirous of establishing a high school for the children of the district, which high school is shown to have great advantages over the ordinary graded school; and the board, to accommodate the children of the parish residing in district No. 50, in providing a high school for them, ran the boundary line complained of in such way as to embrace within the district the property of those who were desirous of taxing themselves for the improved school conditions. The citizens of the state have a right to tax themselves for such purpose, and it is the duty of the school board to establish and create school districts and schoolhouses which will best accommodate the children of the parish.

The action of the school board in dividing school district No. 37 into two districts, in which district No. 50 has been formed, has the effect of depriving district No. 37 of a schoolhouse; but under the management of the parish board the children of district No. 37 will be received and taught in the high school established in district No. 50 for the time during each year that the said school, when it was a graded school, was open for the education of the same children, and, under the law which has been quoted before, the children of this adjoining district, No. 37, may attend the full term of the high school in the adjoining district No. 50 by the payment of a small fee fixed by statute.

But no parent or property owner residing in district No. 37 is before the court making complaint of the action of the parish school board. No additional tax has been placed upon property in district No. 37; and the children of that district are not deprived of any right which they enjoyed before the division of district No. 37. It will be time enough to consider a complaint of residents of school district No. 37 when one is made.

Plaintiffs complain that there may be some confusion in having three visiting trustees for each of the districts, Nos. 37 and 50, or of one set of trustees for both districts. The law provides that the board of directors of the parish shall provide for three anxiliary visiting trustees in each district, to be selected by the patrons of the district, in the manner provided by the board of directors. This will doubtless be done for district No. 50 in due time, and the patrons of said school district will select the auxiliary visiting trustees. The duties of said trustees are very simple:

"They shall visit the schools of their respective district and shall make quarterly reports to the board of directors of the actual condition of the schools, and shall make needful suggestions in all matters relating to the schools of which they are trustees."

Judgment affirmed.