754 So.2d 291 (2000)
CITY OF BAKER SCHOOL BOARD
v.
EAST BATON ROUGE PARISH SCHOOL BOARD.
No. 99 CA 2505.
Court of Appeal of Louisiana, First Circuit.
February 18, 2000.
*292 Mark D. Plaisance, Paul T. Thompson, Baker, Counsel for Plaintiff/Appellee, City of Baker School Board.
Michael C. Garrard, Maxwell G. Kees, Sr., Baton Rouge, Counsel for Defendant/Appellant, East Baton Rouge Parish School Board.
Before: CARTER, LeBLANC, PARRO, KUHN and PETTIGREW, JJ.
LeBLANC, J.
This controversy concerns the title to and questions whether compensation is due for the public school facilities located in the newly-created City of Baker School District.
Before 1995, the whole of East Baton Rouge Parish was included in the East Baton Rouge Parish School District. However, by statewide election in 1995, a new school system within the incorporated limits of the City of Baker was created. Pursuant to the statutory scheme set out in La. R.S. 17:72, members of the City of Baker School Board (the "Baker Board") were elected and by this litigation seek to clarify matters of ownership of public school facilities, land, property and ten buses (the "school property") located within its limits.[1] The Baker Board filed for a declaratory judgment, naming the East Baton Rouge Parish School Board (the "Parish Board") as defendant. By joint stipulation, the parties acknowledged the Parish Board holds title to the property in question, but the Baker Board asserts it should be declared the owner of the property, without compensation due to the Parish Board.
After hearing oral arguments, the trial court took the matter under advisement and subsequently issued written reasons, finding the Baker Board owns the school property and owes no compensation to the Parish Board. The Parish Board appeals.
This appeal presents a legal question. Appellate review of questions of law is simply to determine whether the trial court was legally correct or legally incorrect. See O'Niell v. Louisiana Power & Light Company, 558 So.2d 1235, 1238 (La.App. 1 Cir.1990). On legal issues, the appellate court gives no special weight to the findings of the trial court, but exercises its constitutional duty to review questions of law and renders judgment on the *293 record. Franklin & Moore v. Gilsbar, Inc., 95-1520, p. 4 (La.App. 1 Cir. 5/10/96), 673 So.2d 658, 660.
Public education is a function of the sovereign. La. Const. art. 8, § 1; see also Terrebonne Parish School Board v. St. Mary Parish School Board, 131 So.2d 266, 270 (La.App. 1 Cir.1961). School boards perform the function of the sovereign in implementing the constitutional mandate to provide public schools and to administer public education. Shaw v. Caddo Parish School Board, 347 So.2d 39, 41 (La.App. 2 Cir.), writ denied, 350 So.2d 676 (1977). School boards are agencies of the state. Rousselle v. Plaquemines Parish School Board, 93-1916, p. 6 (La.2/28/94), 633 So.2d 1235, 1241. The task of educating the children of Louisiana rests with the individual school boards throughout the state. See Drouin v. Board of Directors of Public Schools of Parish of Avoyelles, 136 La. 393, 398, 67 So. 191, 192 (1915). The ownership, management and control of property within a school board's district is vested in the district, in the manner of a statutory trustee, for the accomplishment of its duty. See Orleans Parish School Board v. City of New Orleans, 56 So.2d 280, 284 (La.App.Orleans 1952). The general rule of ownership of property of school districts was stated in 68 Am.Jur.2d Schools § 74 (1993),as follows:
The ownership of school property is generally in the local district or school board as trustee for the public at large. School property is thus considered public property and is not to be regarded as the private property of the school district by which it is held or in which it is located [footnotes omitted].
The Baker Board, as successor to the Parish Board for the accomplishment of the duty to educate, became the successor of the property through which the duty is to be accomplished. While actual ownership remains with the public at large, title follows the agency obligated to carry out the responsibility. Title to the school property at issue transfers to the Baker Board.
Concerning the issue of compensation, we find none due the Parish Board. There has been no taking. The transfer of legal title from the Parish Board to the Baker Board is merely the transfer from one trustee to another. As stated above, the public owns the school property. Moreover, while the Parish Board is no longer the title owner of the property, it also is no longer mandated to educate the children living within the boundaries of the Baker Board. The release of the obligation follows the transfer of legal title to the property.
For the foregoing reasons, the judgment of the trial court is affirmed. The costs of this appeal, in the amount of $1,038.22, are assessed against the East Baton Rouge Parish School Board.
AFFIRMED.
PARRO, J., dissents and assigns reasons.
PARRO, J., dissenting.
I disagree with the majority's conclusion that because school property serves only a public purpose, its ownership can be transferred from one school district or board to another by this court, with no legislative or constitutional authority for this action. The majority cites Orleans Parish School Board v. City of New Orleans, 56 So.2d 280 (La.App.Orl.Cir.1952) in support of this conclusion. In fact, that case demonstrates the problem with the situation before this court, namely, that the legislature has abdicated its responsibility by leaving to the courts the determination of who owns the property at issue in this litigation. In the Orleans Parish case, the constitution was amended to "authorize and direct" the City of New Orleans to transfer title to its school properties to the newly-created Orleans Parish School Board, and the court's decision rested on the authority provided by this amendment.
*294 Unlike that situation, the constitutional amendment in the matter before this court merely authorized the municipality of Baker to be "regarded and treated" as a parish for the purpose of providing public elementary and secondary education to children within its boundaries. See LSA-Const. art. VIII, § 13(D)(1). The enabling legislation, which could have authorized and directed the transfer of title to the school properties, failed to do so, instead leaving the ownership and compensation issues to be resolved through an arbitration process or in court through an action for declaratory judgment. See LSA-R.S. 17:72(H). This court's function is to interpret, not legislate. The majority decision usurps a legislative function. Accordingly, I respectfully dissent.
NOTES
[1] Legal descriptions of the property at issue are included in the record and are attached as Exhibit A.