Dear Mr. Odom:
Your request for an Attorney General Opinion has been referred to me for a response.
You state in your opinion request the following:
 Both the Baker Board and the Zachary Board have intervened in the matter of Davis, et al v. East Baton Rouge Parish School Board, et al. Docket No. 56-1662-A which is currently pending in the United States District Court for the Middle District of Louisiana. Both boards would like to present a settlement offer to the parties in the Davis matter which would permit the boards to begin operating the school within their respective jurisdictions for the 2001-2002 school year. In order to fashion an offer the boards would like your opinion regarding the following:
 1. Whether the 2001-2002 funds for the minimum foundation program for students attending schools within their jurisdiction will be paid by the state of Louisiana to the Baker Board and the Zachary Board or to the East Baton Rouge Board?
 2. If the funds for the minimum foundation program for the 2001-2002 are paid to the Baker Board and the Zachary Board, can these boards contract with East Baton Rouge to educate their students and/or provide other related services pursuant to an intergovernmental agreement where the respective boards would pay to the East Baton Rouge School Board the proceeds of the local taxes plus a portion of the funds from the minimum foundation program received from the state?
As a general rule, the Louisiana legislature exercises plenary authority over the public educational system in this state. La. Const. Art. VIII, § 1. This authority would generally include the creation or dissolution of school systems, the procedure leading to same, the disposition of property, etc. See City of Baker School Board v. EastBaton Rouge Parish School Board, 99-2505 (La.App. 1st Cir. 2/18/00),754 So.2d 291; Rouselle v. Plaquemines Parish School Board, 633 So.2d 1235
(La. 1994). In this regard, Louisiana is generally in accord with other states. The Courts and the Public Schools, The Legal Basis of School Organization and Administration, Newton Edwards, The University of Chicago. Press (1971), 3rd Edition. While exercising plenary authority, the legislature is nevertheless constrained by the state and federal constitutions.
Therefore, in order to receive public funds, the law must first provide for it. Second, the law must be constitutional. See e.g. Louisiana Attorney General Opinion No. 95-310 and cases cited infra.
I. Legislation Creating The Baker School Board
A. MFP Funds
The Baker School System was created by La.R.S. 17:72 and 72.1. See also La. Const. Art. VIII, § 13 (D). This legislation predates La.R.S. 17:64
and 64.1 that created the Zachary School System. The legislation that created the Baker School System is much longer and more detailed.
Certain relevant provisions in Bakers legislation have no parallel provision in Zachary's legislation. For example, La.R.S. 17:72
(H)(1)(e)(i) and (ii) state:
 (e)(i) The city of Baker School Board shall obtain a final judgment, in the matter entitled "Clifford Eugene Davis, Jr., et al. and the United States of America versus East Baton Rouge Parish School Board, et al.", Civil Action No. 56-1662-A, in the United States District Court for the Middle District of Louisiana, which, after the exhaustion of all applicable appellate review or, in the event such review is not sought, upon the expiration of the period in which said appellate review may be taken, as the case may be, and which shall be deemed a final judgment for the purposes of this Section, which final judgment shall permit the operation of a city of Baker municipal school system and the separation of the city of Baker municipal school system from the East Baton Rouge school system.
 (ii) Item H(1)(e)(i) of this Section shall only be applicable in the event that the matter entitled "Clifford Eugene Davis, Jr., et al. and the United States of America versus East Baton Rouge Parish School Board, et al.", Civil Action No. 56-1662-A, in the United States District Court for the Middle District of Louisiana shall not have been dismissed, closed, or otherwise resolved, and in the further event that there shall not have been entered therein a judgment declaring the East Baton Rouge Parish school system "unitary" or releasing said school system from judicial supervision.
The legislation makes other references to a "final judgment." In particular, La.R.S. 17:72 (H)(2)(a) — (c) states:
 (2)(a) Upon the occurrence of all of the requirements set forth in Paragraph H(1) of this Section, the city of Baker municipal school system shall be established for the purpose of operating public elementary and secondary schools within the incorporated limits of the city of Baker as the same existed as of June 1, 1997, on the date of the July first following the date on which a final judgment is obtained permitting the actual operation of a city of Baker municipal school system and the separation of the city of Baker municipal school system from the East Baton Rouge Parish school system, or July first of the following year.
 (b) As of the date a city of Baker municipal school system is established in accordance with Subparagraph H(2)(a) of this Section, the city of Baker School Board shall be responsible to provide for the education of the elementary and secondary school aged children residing within the city of Baker as its incorporated limits existed as of June 1, 1997. The city of Baker School Board shall thereafter exercise the powers delegated to, and the duties, functions, and responsibilities imposed upon parish and municipal school boards under the laws of the state of Louisiana and commence its initial school year of actual operation at the beginning of the school year immediately following the date on which the city of Baker municipal school system is established.
 (c) Upon the date the city of Baker municipal school system is established in accordance with Subparagraph H(2)(a) of this Section, the East Baton Rouge Parish School Board shall cease to provide for the education of the elementary and secondary school aged children residing within the city of Baker as its incorporated limits existed as of June 1, 1997.
The litigation referenced in La.R.S. 17:72 (H)(1)(e)(i) is the desegregation lawsuit in which the East Baton Rouge Parish School Board is a defendant. Under federal jurisprudence, a new school system created within a school system which is subject to a federal court desegregation order must be approved by the federal court before it can operate. Seee.g. Wright v. Council of City of Emporia; 407 U.S. 451, 92 S.Ct. 2196,33 L.Ed 2d 51 (1972); United States v. Scotland Neck City Board ofEducation, 407 U.S. 484, 92 S.Ct. 2214, 33 L.Ed.2d 75 (1972). in short, a state cannot fund a school system created within a school system that is subject to court ordered desegregation without federal court approval. The funding of an unapproved school system is unconstitutional.
The above analysis concerning federal court approval presupposes that funding will result in the delivery of educational services violative of the federal court order. However, if the funding does not result in the delivery of educational services violative of the federal court order, the state may provide funds. See e.g. Act No. 10 of the 1999 Regular Session of the Louisiana legislature that appropriated $400,000.00 "in the form of a loan, for start-up costs for Baker Independent School District."
In sum, concerning Baker, 2001-2002 MFP funds will be paid to the East Baton Rouge Parish School Board because La.R.S. 17:72 currently requires a final judgment in the referenced litigation allowing Baker to operate prior to its receiving funds for the purpose of providing educational services. On the other hand, such funds may be paid to Baker if the litigation is dismissed, resolved, East Baton Rouge Parish schools are declared unitary, or if a final judgment contemplated by the legislation is obtained. The law states that funding should begin "July first following the date on which a final judgment is obtained — or July first of the following year." La.R.S. 17:72 (H)(2)(a). Therefore, if such a final judgment is obtained, funds may be paid Baker either beginning July 1, 2001 or July 1, 2002. This opinion does not address the practical impediments to Baker receiving funds that may impact its ability to begin receiving money.
B. Contract Wth East Baton Rouge Parish School Board
Current legislation requires a "final judgment." The final judgment "shall permit the operation of a city of Baker municipal school system and the separation of the city of Baker municipal school system." The final judgment shall permit the "actual operation" of a Baker school system. Such school system "shall be responsible to provide for the education of the elementary and secondary school aged children residing within the city of Baker," presumably to the extent allowed by the federal court final judgment. La.R.S. 17:72 (H)(2)(a) and (b).
Moreover, at that time, "the city of Baker School Board shall thereafter exercise the powers delegated to, and the duties, functions, and responsibilities imposed upon parish and municipal school boards under the laws of the state —." La.R.S. 17:72 (H)(2)(b).
Finally, at that time. "— the East Baton Rouge Parish School Board shall cease to provide for the education of the elementary and secondary school aged children —." In sum, current legislation would not permit the Baker School Board to contract with the East Baton Rouge Parish School Board to educate students. The legislation does not address a contract for non-educational services.
II. Legislation Creating The Zachary School Board
A. MFP Funds
The Zachary School System was created by La.R.S. 17:64 and 64.1. The legislation that creates the Zachary School System does not reference the desegregation litigation in East Baton Rouge Parish. In fact, the legislation states that, "The Zachary Community School Board shall begin its initial year of actual operation providing for the education of students within its jurisdiction at the beginning of the 2001-2002 school year." La.R.S. 17:64 (F). In sum, the law that created the Zachary School System appears to contemplate its receipt of MFP funds to provide educational services for the 2001-2002 school year. No particular date is stated in the legislation for Zachary to begin receiving MFP funds. Again, as with Baker's receipt of money, this opinion does not address practical impediments that may exist.
As mentioned above, the legislation must be constitutional. The legislation cannot create and fund a school system to provide educational services by ignoring pending desegregation litigation. The Zachary School System must still obtain some court order that will allow it to receive state funding to provide educational services. The legislation does not require a "final judgment" as discussed above in the case of Baker.
B. Contract With East Baton Rouge Parish School Board
The legislation that created the Zachary School System does not prevent Zachary from contracting with the East Baton Rouge Parish School System to provide educational services or other related services. This writer presumes that the federal court order mentioned above would address the contents of any such contract.
III. Conclusion
In sum, concerning Baker, in the absence of a settlement of the desegregation litigation, current law requires a "final judgment" as defined above prior to its receipt of state MFP dollars, and current law would prevent it from contracting with the East Baton Rouge Parish School Board to provide educational services. Concerning Zachary, current law contemplates that it begin providing educational services in the 2001-2002 academic year, though no particular date is mentioned for it to begin receiving state MFP dollars, and current law does not prevent it from contracting with the East Baton Rouge Parish School Board to provide educational or other related services. This writer assumes a federal court order allowing the above, and no other constitutional impediment.See e.g. La. Attorney General Opinion No. 95-310.
I hope this opinion has sufficiently addressed your concerns. if I can be of further assistance to you, please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ____________________________ James C. Hrdlicka Assistant Attorney General
RPI:JCH:crt